UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20084-CIV-ALTONAGA/Reid

**JULIA ROMERO**,

    Plaintiff,
v.

**KINSALE INSURANCE COMPANY**; *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Julia Romero's Motion to Remand . . . [ECF No. 31], filed on February 6, 2025. Defendants, Kinsale Insurance Company ("Kinsale"), Anchor Underwriters, Inc. ("Anchor"), Flavia M. Ribot Reyes ("Ribot"), and Hull & Company, LLC ("Hull"), filed a Response [ECF No. 36]; to which Plaintiff filed a Reply [ECF No. 37]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is granted.

## I. BACKGROUND

In May 2022, Plaintiff sustained injuries after tripping on a "dangerously uneven, cracked[,] and negligently maintained sidewalk" near two construction sites operated by Dedco Construction Company ("Dedco"). (Notice of Removal ("Notice") [ECF No. 1], Composite Ex. A, Compl. ("Compl.") [ECF No. 1-1] ¶ 10 (alteration added); *see also id.* ¶ 11).[1] One site

---

[1] Plaintiff filed an Amended Complaint [ECF No. 27] on February 4, 2025. In assessing Plaintiff's argument that removal was improper because the Court lacks subject-matter jurisdiction, the Court disregards the Amended Complaint, as "removal jurisdiction is determined at the time of removal[.]" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.9 (11th Cir. 2009) (alteration added; citation omitted); *see also Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citation omitted).

CASE NO. 25-20084-CIV-ALTONAGA/Reid

involved the construction of a single-family home, while the other was a townhome project. (*See* Compl. ¶¶ 10–11). Plaintiff sued Dedco for negligence in Florida state court, alleging that Dedco's failure to reasonably maintain the sidewalk caused the fall. (*See id.* ¶¶ 21–22).

At the time of the incident, Dedco was insured under a general liability policy issued by Kinsale. Dedco obtained the policy through its agents, Anchor and Ribot, and its broker, Hull. (*See id.* ¶¶ 14, 17, 55, 65). While the policy generally covered bodily injuries occurring on Dedco's construction sites, Kinsale denied Dedco coverage for Plaintiff's injuries, citing an exclusion for injuries stemming from townhome projects. (*See id.* ¶¶ 18, 24).

In May 2024, Plaintiff and Dedco reached a settlement. Dedco assigned Plaintiff "all legal rights, remedies, and causes of action" it possessed against Kinsale, Anchor, Ribot, and Hull — allowing Plaintiff to "stand[] in the shoes of Dedco as a matter of law" (*id.* ¶¶ 33–34 (alteration added); *see also id.* ¶¶ 29, 41; Notice, Composite Ex. A, Settlement Agreement [ECF No. 1-1] 119).[2] Acting on this assignment, Plaintiff filed suit against Defendants in Florida state court, asserting five state-law claims: one claim of breach of contract against Kinsale (Count I) (*see id.* ¶¶ 37–41); one claim of negligence against the agents, Ribot and Anchor (Count II) (*see id.* ¶¶ 43–53); one claim of breach of fiduciary duty against Ribot and Anchor (Count III) (*see id.* ¶¶ 55–59); one claim of negligence against the broker, Hull (Count IV) (*see id.* ¶¶ 61–69); and one claim of breach of fiduciary duty against Hull (Count V) (*see id.* ¶¶ 71–75).

On January 7, 2025, Kinsale removed the case, asserting subject-matter jurisdiction exists on the basis of diversity of citizenship under 28 U.S.C. section 1332. (*See generally* Notice).

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

CASE NO. 25-20084-CIV-ALTONAGA/Reid

Plaintiff is a citizen of Florida. (*See* Compl. ¶ 5). So, too, are three Defendants — Anchor, Ribot, and Hull (the "Resident Defendants"). (*See id.* ¶¶ 7–10). Kinsale is a citizen of Arkansas and Virginia. Defendants contend that Plaintiff fraudulently joined the Resident Defendants, and they are merely nominal parties (*see* Notice ¶¶ 24, 28–35;[3] Resp. 5–16);[4] therefore, their presence in the action should not destroy diversity jurisdiction (*see generally* Resp.).

In moving for remand, Plaintiff argues the Court lacks subject-matter jurisdiction because Defendants have not established fraudulent joinder and the Resident Defendants are real parties. (*See generally* Mot.; Reply). Plaintiff also asks the Court to award her fees and expenses incurred in seeking remand. (*See generally* Mot.).

## II. LEGAL STANDARDS

Several legal principles guide the Court's consideration of the request for remand and Defendants' position that the Court has subject-matter jurisdiction.

***Remand.*** Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears it was removed improvidently. *See Jenkins v. Simply Healthcare Plans, Inc.*, 479 F. Supp. 3d 1282, 1284 (S.D. Fla. 2020). Removal is proper only if the party seeking removal establishes that the federal court has subject-matter jurisdiction over the action. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). And subject-matter jurisdiction is "construed narrowly" on removal; "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

---

[3] All Defendants consented to removal. (*See* Notice ¶ 45); 28 U.S.C. § 1446(b)(2).

[4] The Court cites to the Notice as well as to the Response when discussing Defendants' arguments regarding the Court's subject-matter jurisdiction.

CASE NO. 25-20084-CIV-ALTONAGA/Reid

***Diversity Jurisdiction and Fraudulent Joinder.*** District courts have subject-matter jurisdiction over civil actions where the matter in controversy exceeds $75,000.00 and the suit is between citizens of one state and citizens or subjects of a foreign state. *See* 28 U.S.C. § 1332(a). A corporation is "deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." *Id.* § 1332(c)(1) (alteration added).

Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be a citizen of the same state as any defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). In addition, under 28 U.S.C. section 1441(b)(2), a civil action otherwise removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*

Courts have recognized an exception to the complete-diversity requirement in cases where a non-diverse party has been fraudulently joined. *See Triggs*, 154 F.3d at 1287. When a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. *See Russell Petroleum Corp. v. Environ Prods., Inc.*, 333 F. Supp. 2d 1228, 1231 (M.D. Ala. 2004). In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court. *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). As relevant here, joinder may be fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citation omitted).

CASE NO. 25-20084-CIV-ALTONAGA/Reid

As with any request for a remand, the removing party bears the burden of demonstrating fraudulent joinder, *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and must do so by "clear and convincing evidence[,]" *Henderson*, 454 F. 3d at 1281 (alteration added; citation omitted). This burden is a "heavy one." *De Perez*, 139 F.3d at 1380. "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (citations omitted).

Further, only "*obviously*" frivolous claims can support a finding of fraudulent joinder — the mere "*possibility*" that a state court would find a complaint states a cause of action against a defendant makes joinder of that defendant legitimate. *Accordino v. Wal-Mart Stores E., L.P.*, No. 05-cv-761, 2005 WL 3336503, at *2 (M.D. Fla. Dec. 8, 2005) (emphases in original; citations and quotation marks omitted). In assessing whether such a possibility exists, courts "must evaluate the factual allegations in the light most favorable to the plaintiff" and "resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citation omitted).

***Nominal parties.*** As with fraudulently joined parties, "[f]ederal courts 'must disregard nominal . . . parties'" and instead "'rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (alterations added; quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). While there is "'no bright-line rule'" for distinguishing between real and nominal parties, the Eleventh Circuit has provided some guidance. *Thomas Mach., Inc. v. Everest Nat'l Ins. Co.*, No. 20-60459-Civ, 2020 WL 2616193, at *4 (S.D. Fla. May 22, 2020) (quoting *Thermoset Corp.*, 849 F.3d at 1317). First, nominal parties are "neither necessary nor indispensable" to the action.

5

CASE NO. 25-20084-CIV-ALTONAGA/Reid

*Thermoset Corp.*, 849 F.3d at 1317 (quotation marks and citation omitted). The "ultimate test" of indispensability is whether, in the absence of the party, the court can "enter a final judgment consistent with equity and good conscience [that] would not be in any way unfair or inequitable to [the] plaintiff." *Id.* (alterations added; citation and quotation marks omitted). Second, nominal parties either do not have a "real and substantial stake in the litigation" or do not exercise "substantial control over the litigation." *Thomas Mach., Inc.*, 2020 WL 2616193, at *4 (citation and quotation marks omitted).

### III. DISCUSSION

**A. Premature vs. Accrued Claims**

Defendants argue that Plaintiff cannot possibly establish any cause of action against the Resident Defendants — making them fraudulently joined — because Plaintiff's negligence and breach-of-fiduciary-duty claims are premature under Florida law. (*See* Notice ¶¶ 28–35).[5] These claims, per Defendants, cannot accrue until the coverage dispute between Plaintiff and Kinsale resolves, because "[i]t is well-established" in Florida that claims against insurance agents or insurance brokers for failure to procure adequate insurance do not accrue until the claimant's proceedings against the insurers have concluded. (Notice ¶ 29 (alteration added; citation and quotation marks omitted)). Defendants derive this theory from what they describe as the "seminal agent liability case[.]" (Mot. 6 (alteration added; citing *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2002))). Defendants overstate *Blumberg*'s scope.

In *Blumberg*, the Florida Supreme Court held an insured's action against an insurance agent does not accrue until the insured "incurs damages" against the agent. 790 So. 2d at 1065.

---

[5] Plaintiff concedes the amount in controversy exceeds $75,000. (*See generally* Mot.; Reply).

CASE NO. 25-20084-CIV-ALTONAGA/Reid

The case involved a dispute over coverage for stolen sports cards, with the insured also suing his agent for negligence in procuring a policy that did not cover the loss of the cards. *See id.* at 1062–63. Because the insured alleged his agent caused him no damages other than the amount at stake in his coverage dispute, the court reasoned he could only incur damages, if ever, at the conclusion of the coverage dispute — or once his right to sue the insurer expired. *See id.* at 1065. Until then, his claim was premature. *See id.*

In contrast, when an insured alleges an agent caused damages that are independent of a coverage dispute, the claim against the agent accrues immediately — even if the "*full extent*" of the damages remains uncertain. *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 42 (Fla. 2009) (emphasis in original); *c.f. id.* at 48 (holding that a legal malpractice claim accrues when a client has suffered any sufficiently certain redressable harm). Relying on this distinction, courts have determined that claims against insurance agents or brokers were not premature when insureds alleged damages that were independent of their coverage disputes with their insurers. *See, e.g.*, *Casa Besilu LLC v. Fed. Ins. Co.*, No. 20-24766-Civ, 2021 WL 1617107, at *6 (S.D. Fla. Apr. 26, 2021); *Goetz v. Metro. Life Ins. Co.*, No. 05-61323-Civ, 2005 WL 8154691, at *5–*6 (S.D. Fla. Nov. 25, 2005); *Halmos v. Ins. Co. of N. Am.*, No. 08-10084-Civ, 2010 WL 11447326, at *1–*2 (S.D. Fla. Jan. 29, 2010).

According to Plaintiff, her claims against Anchor, Ribot, and Hull "involve independent claims that are not contingent on the coverage action[.]" (Mot. 13 (alteration added)). She argues that the exclusion at issue should not have been in the policy at all — a failure that caused Dedco damages regardless of whether Kinsale ultimately provides coverage for Plaintiff's injuries. (*See* Reply 5). The Court must therefore determine whether Plaintiff's negligence and breach-of-

7

CASE NO. 25-20084-CIV-ALTONAGA/Reid

fiduciary claims are contingent on, or independent of, the outcome of her coverage dispute with Kinsale.

***Negligence Claims.*** Plaintiff's negligence claims against the Resident Defendants appear to be contingent on the coverage determination. Plaintiff alleges that Ribot and Anchor purchased a policy with a townhome exclusion for Dedco despite knowing Dedco was in the business of constructing townhomes, breaching their duties of care to Dedco. (*See* Compl. ¶¶ 50–51). Similarly, Plaintiff asserts Hull negligently misrepresented that the policy would "protect Dedco's business and appropriately suit its insurance needs" and failed to investigate the limitations of the insurance coverage it procured for Dedco. (*Id.* ¶ 66).

Plaintiff asserts that the Resident Defendants caused damages even if the townhome exclusion does not apply, as they collectively "procur[ed] a policy . . . inappropriate for the risks faced by Dedco's business." (Reply 1 (alterations added)). She states the coverage dispute, therefore, only affects the amount of damages these Defendants owe. (*See id.* 1–2). This argument is inconsistent with Plaintiff's Complaint.

As Defendants note, Plaintiff appears to condition her negligence claims on the coverage determination; she states that the Resident Defendants are liable for negligence "[i]f Kinsale's denial of coverage is correct[.]" (Compl. ¶¶ 43, 61 (alterations added); *see* Resp. 9). Further, Plaintiff fails to identify *any* damages from the Resident Defendants' alleged negligence beyond those related to Kinsale's denial of coverage. (*See* Compl. ¶¶ 10, 42–53, 67). The attorney's fees and costs that Plaintiff seeks as damages do not change that conclusion, as a court could award fees and costs to Plaintiff if she prevails in her coverage dispute. (*See id.* 10, 13; Reply 6–7); § 627.428, Fla. Stat. (2024).

8

CASE NO. 25-20084-CIV-ALTONAGA/Reid

In short, these claims hinge on Plaintiff losing the coverage dispute and have not yet accrued.  *See Blumberg*, 790 So. 2d at 1065; *Parkview Point Condo. Ass'n, Inc. v. Arch Specialty Ins. Co.*, No. 20-20174-Civ, 2020 WL 6134270, at *3 (S.D. Fla. Mar. 26, 2020) (coming to the same conclusion in assessing similarly pled claims).

***Breach-of-Fiduciary-Duty Claims.***   Plaintiff alleges that the Resident Defendants breached their fiduciary duties to Dedco by failing to properly assess its coverage needs, disclose the limitations of the policy they procured, and ensure that Dedco had adequate insurance for its operations, including townhome construction.  (Compl. ¶¶ 57, 73).  Unlike the negligence claims, the allegations pertaining to the fiduciary-duty claims contain no conditional language tying liability to Kinsale's denial of coverage. (*Compare id.* ¶¶ 42–53, 60–69, *and id.* ¶¶ 54–59, 70–75). Instead, Plaintiff asserts that the Resident Defendants' failure to act in Dedco's best interest caused immediate harm at the time the policy was procured.  (*See id.* ¶¶ 57, 73).

Indeed, by failing to inform Dedco of key coverage exclusions, Anchor, Ribot, and Hull deprived it of the ability to make an informed decision, creating a deficiency in coverage from the outset. (*See id.* ¶¶ 58, 74). This harm was "already . . . consummated[]" at the time of the breach, regardless of Kinsale's later coverage denial. *Am. Purchasing Servs., Inc. v. Pac. Ins. Co., Ltd.*, No. 09-cv-23032, 2010 WL 11506364, at *4 (S.D. Fla. July 8, 2010) (alterations added); *see also Wachovia Ins. Servs., Inc. v. Toomey*, 994 So. 2d 980, 987 (Fla. 2008) (discussing an insurance broker's fiduciary duty to explain the coverage it provides).

Given these allegations, and "resolv[ing] any uncertainties about state substantive law in favor of [Plaintiff]," *Crowe*, 113 F.3d at 1538 (alterations added; citation omitted), there is at least a possibility that a Florida court would find that Plaintiff states independent causes of action

9

CASE NO. 25-20084-CIV-ALTONAGA/Reid

against the Resident Defendants. Therefore, Defendants have failed to prove fraudulent joinder.[6]

### B. Nominal vs. Real Parties

Next, the Court turns to Defendants' argument that Anchor, Ribot, and Hull's citizenship is irrelevant because they are only nominal parties. (*See* Resp. 15). Defendants note that Plaintiff filed a post-removal Amended Complaint in which she pleads her claims against the Resident Defendants as "abated pending a determination of coverage[.]" (Am. Compl. 8, 10, 12, 14 (alteration added); *see* Resp. 15–16). According to Defendants, this pleading amounts to an admission that "the Court can issue a final judgment as to Kinsale without being 'unfair or inequitable' to Plaintiff and that the [Resident Defendants] are 'neither necessary nor indispensable.'" (Resp. 15–16 (alteration added; quoting *Thomas Mach.*, 2020 WL 2616193, at *4)).

Again, the Court does not consider Plaintiff's Amended Complaint, as she filed it post-removal. *See Conn. State Dental Ass'n*, 591 F.3d at 1351 n.9 (citation omitted); *Pacheco de Perez*, 139 F.3d at 1380 (citation omitted). In the operative pleading — the Complaint — Plaintiff seeks relief from the Resident Defendants. (*See generally id.*). The Court therefore cannot conclude that awarding a final judgment in the absence of these Defendants would be fair or equitable to Plaintiff.

Kinsale also argues that the Resident Defendants lack a substantial stake in or control over the litigation, as Plaintiff's claims against them are premature, and they have asked to be

---

[6] In addition to disputing whether Plaintiff's claims against the Resident Defendants are premature, the parties dispute whether premature claims can be abated rather than dismissed under Florida law — preventing a finding of fraudulent joinder. (*See* Mot. 6–12; Resp. 7–15). Because Plaintiff has pleaded non-premature claims against the Resident Defendants, the Court does not reach this issue.

dismissed. (*See* Resp. 15–16; *see generally* Def.s' Combined Mot. to Dismiss [ECF No. 17]). This argument fails. Given the Court's determination that Plaintiff has pleaded non-premature causes of action against Ribot, Anchor, and Hull, these Defendants appear to have a substantial stake in the litigation. Moreover, the Court denied Defendants' Motion to Dismiss (*see* Feb. 5, 2025 Order [ECF No. 29]) — and even if that Motion were still pending, the Court would not consider it in assessing jurisdiction because it was filed post-removal. At the relevant time — the time of removal — the Resident Defendants were real parties.

### C. Request for Fees

All that remains is to determine whether Plaintiff is entitled to attorney's fees and costs under 28 U.S.C. section 1447(c), an issue Plaintiff mentions but does not brief in her Motion or Reply. (*See generally* Mot.; Reply). "[A]warding [attorney's] fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (alterations added). District courts "retain discretion" in applying the rule set forth in *Martin*. *Id.*

The Court finds an award of attorney's fees is inappropriate. Defendants point the Court to multiple in-Circuit decisions denying motions to remand in the context of pleadings that were similar — albeit not identical — to Plaintiff's. *See, e.g.*, *Parkview Point*, 2020 WL 6134270, at *3; *JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*, No. 0:19-cv-62232, 2020 WL 37571, at *3 (S.D. Fla. Jan. 3, 2020), *report and recommendation adopted*, No. 19-62232-Civ, 2020 WL 2850586 (S.D. Fla. Jan. 24, 2020); *Allstate Ins. Co. v. Richard Zehr Const., Inc.*, No. 8:06-cv-407, 2006 WL 2850438, at *2 (M.D. Fla. Oct. 3, 2006). Consequently, and given Plaintiff's lack

CASE NO. 25-20084-CIV-ALTONAGA/Reid

of briefing on this issue, the Court does not award Plaintiff fees or costs incurred in seeking remand.

## IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff, Julia Romero's Motion to Remand . . . **[ECF No. 31]** is **GRANTED**.

2.  The case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in Miami, Florida, this 18th day of March, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record